# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50269 | **DATE** | 3/7/2013 |
| **CASE TITLE** | U.S.A. vs. Jermaine Curtis | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies all claims in defendant's § 2255 motion, denies the request for an evidentiary hearing, denies the request for appointment of counsel, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT - OPINION

Jermaine Curtis, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, asserting the following claims: (1) the court should not have imposed the career offender enhancement because one of the two predicate Illinois offenses, aggravated discharge of a firearm, does not satisfy the definition of a crime of violence for purposes of U.S.S.G. § 4B1.1; (2) defendant should have received a downward variance from the applicable guideline range based on the sentencing disparities between crack and powder cocaine; (3) the court should have recused itself because its son was one of the state prosecutors assigned to the case giving rise to one of the predicate offenses supporting the career offender enhancement; (4) appellate counsel was ineffective for failing to argue that this court erred when it relied on the certificate of conviction for aggravated discharge of a firearm because the certificate of conviction actually reflected that defendant committed the offense in violation of 24-1.2(a)(1) (discharge at or into an occupied building) as opposed to 24-1.2(a)(2) (discharge in the direction of an occupied vehicle); (5) trial counsel was ineffective during plea negotiations when he failed to adequately investigate the true nature of the predicate offense of discharge of a firearm and failed to advise defendant of the consequences of any misapplication of that offense; and (6) appellate counsel was ineffective for failing to argue the retroactive effect of the Fair Sentencing Act of 2012 (FSA) to defendant's sentence. The Government has filed a response, and defendant has replied.

While the court must grant a § 2255 motion when a prisoner's conviction or sentence was imposed in violation of the Constitution or the laws of the United States, such relief is reserved for extraordinary situations. Blake v. United States, 2011 WL 4475275, *5 (S.D. Ill. Sept. 26, 2011) (citing Prewitt v. United States, 83 F. 3d 812, 819 (7th Cir. 1996)). Relief under § 2255 is available only if an error is jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice. Blake, at *5. A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. Blake, at *5. Thus, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal absent a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal but were not; and (3) constitutional issues not raised on direct appeal unless the defendant demonstrates both cause for the procedural default as well as actual prejudice or the that the failure to consider the issue would amount to a fundamental miscarriage of justice. Blake, at *5.

# STATEMENT - OPINION

Claims not raised on direct appeal that are couched in terms of ineffective assistance of counsel are not procedurally defaulted. Blake, at *5. To establish constitutionally ineffective assistance of counsel, a defendant must show that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) but for counsel's unprofessional errors the result of the proceeding would have been different. Woods v. United States, 2009 WL 3787904, *6 (N.D. Ill. Nov. 12, 2009) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)). If a defendant fails to make a proper showing under either of the prongs, the court need not consider the other. Woods, at *6. Because counsel is presumed effective, a defendant bears a heavy burden in challenging his attorney's effectiveness. Woods, at *6.

As to the effectiveness of appellate counsel, the two-prong test of Strickland applies as well. Woods, at *6. Under the performance prong, an appellate counsel's performance is constitutionally deficient if he fails to appeal an issue that is obviously and clearly stronger than the claims counsel actually raised on appeal. Woods, at *6. To establish prejudice, a defendant must show that there a is a reasonable probability that but for his appellate counsel's deficient performance the result of the appeal would have been different. Woods, at *6.

Further, a hearing is not always required pursuant to a § 2255 motion. Blake, at *5. A hearing is required only if a defendant alleges facts that, if proved, would entitle him to relief. Blake, at *5. However, if the motion, files, and records in the case conclusively show that the defendant is entitled to no relief, then a hearing is not required. Blake, at *5. To obtain such a hearing, a defendant must submit an affidavit setting forth the basis for relief. Blake, at *5 (citing Kafo v. United States, 467 F. 3d 1063, 1067 (7th Cir. 2006)). The specific allegations in the motion and affidavit, however, must go beyond merely unsupported assertions. Blake, at *6.

Here, the first claim (#1) fails as the issue of whether the discharge of a firearm as charged in defendant's state-court prosecution was a crime of violence for purposes of § 4B1.1 was disposed of on direct appeal. See United States v. Curtis, 645 F. 3d 937 (7th Cir. 2011).

The claims (#s 4 and 5) related to the issue of whether defendant was in fact convicted in state court of 24-1.2(a)(1) or 24-1.2(a)(2) lacks merit for several reasons. First, at defendant's sentencing the parties expressly agreed that defendant was in fact convicted of section 1.2(a)(2) as opposed to 1.2(a)(1). Second, the Court of Appeals expressly relied upon that agreement and did not question the factual basis underlying it. See Curtis, 645 F. 3d at 940 and n. 1. Third, as the court noted at the sentencing, the state-court plea colloquy clarified that defendant in fact pleaded guilty to conduct that supported a conviction under section 1.2(a)(2). Thus, the agreed upon conclusion that the reference to section 1.2(a)(1) in the state charging document was an apparent error (whether typographical or otherwise) was proper. Fourth, there is no need to go beyond the charging document and the plea colloquy in determining which version of the offense defendant actually pleaded guilty to in state court.

Based on the foregoing reasons, the court did not err in concluding that defendant was convicted of 24-1.2(a)(2) in state court. Having said that, there was no ineffectiveness in trial counsel having failed to further investigate the nature of the offense for which defendant was convicted or in having failed to further advise defendant regarding that issue prior to his having pleaded guilty. Likewise, there was no ineffectiveness of appellate counsel to not have pressed the issue.

Finally, even if defendant had been convicted of section 1.2(a)(1), the outcome at sentencing would have been the same. While the Court of Appeals has never definitively ruled that a section 1.2(a)(1) conviction qualifies as a crime of violence for purposes of § 4B1.1, see Curtis, 645 F. 3d at 940, n.1, such a holding is likely as section 1.2(a)(1), unlike statutes from other states, has the same requirement as section 1.2(a)(2) in that a defendant must know or have reason to know that the building at which he discharges a firearm is occupied by a person. While at least one court outside this circuit has ruled, in the context of whether a prior offense meets the definition of a crime of violence for purposes of § 2L1.2, that there is inherently less danger when one shoots at an occupied building versus an occupied vehicle, see United States

| STATEMENT - OPINION |
|---|

v. Calderon-Asevedo, 290 Fed. Appx. 293, 296 (7th Cir. 2008)(citing cases), the court respectfully disagrees with that reasoning. Both situations involve an element of the use of physical force against the person of another. Thus, there was no prejudice here from counsel (trial or appellate) failing to further raise the issue.

The next claim (#2) is whether defendant should have received a downward variance based on sentencing disparities between crack and powder cocaine offenses. This claim is denied as it was raised and rejected on direct appeal. See Curtis, 645 F. 3d at 943.

The next claim (#6) is that appellate counsel was ineffective for failing to argue the potential retroactivity of the FSA. This claim lacks merit for the simple reason that defendant was sentenced on June 9, 2010, prior to the effective date of the FSA. As such, the FSA does not retroactively apply to his sentence. See United States v. Robinson, 697 F. 3d 443, 445 (7th Cir. 2012).

That leaves the claim (#3) that this court should have recused itself because its son was a prosecutor assigned to one of defendant's state cases that in part supported the career offender enhancement. This claim fails as it could have been raised in both the trial court and on direct appeal and was not. Nor was it ineffective for either trial or appellate counsel not to have raised the issue as there was no basis for the court to recuse itself. The fact that the court's son was the prosecutor on a state-court case several years earlier that was later applied in an entirely unrelated and independent federal prosecution does not remotely justify recusal in this case.

For the foregoing reasons, the court denies all claims in defendant's § 2255 motion, denies the request for an evidentiary hearing, denies the request for appointment of counsel, and dismisses this cause in its entirety.